UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PETROBRAS SECURITIES LITIGATION                              MDL No. 2728


### ORDER DENYING TRANSFER


**Before the Panel:**[*] Defendants Petróleo Brasileiro S.A.–Petrobras, Petrobras Global Finance B.V., and Petrobras International Finance Company S.A. (collectively, Petrobras) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York. This litigation consists of three actions, one pending in the Eastern District of Pennsylvania and two in the Southern District of New York, as listed on Schedule A. In addition to these three actions, there are currently twenty-six related actions pending in the Southern District of New York in a consolidated or coordinated manner under the caption, *In re Petrobras Securities Litigation* before the Honorable Jed S. Rakoff (the Coordinated Actions).

Defendant PricewaterhouseCoopers Auditores Independentes (PwC Brazil) supports the motion for centralization in the Southern District of New York. Plaintiffs in the Eastern District of Pennsylvania action and one of the New York actions, in contrast, oppose centralization.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Undoubtedly, these actions share factual questions arising from allegations that Petrobras, certain of its officers and directors, and other defendants, such as PwC Brazil, made false and/or misleading statements or omissions with respect to a massive bid-rigging and kickback scheme and its effect on Petrobras's financial condition. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Petrobras has not met that burden here.

Contrary to Petrobras' arguments, the two actions pending in the Southern District of New

---

[*] Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter.

[1] Plaintiffs in the other New York action did not respond to the motion, but filed a notice of waiver of oral argument in which they indicate support for centralization in the Southern District of New York.

-2-

York cannot be considered in isolation from the Coordinated Actions proceeding before Judge Rakoff. The two New York actions have been related to the Coordinated Actions, assigned to Judge Rakoff, and stayed pending an upcoming trial of common issues in the Coordinated Actions. Effectively, there are only two actions here—the Coordinated Actions in the Southern District of New York and the individual action pending in the Eastern District of Pennsylvania. The New York litigation is significantly advanced—common discovery is complete, summary judgment motions are pending, and the aforementioned trial is scheduled to begin in September 2016. As a result of this procedural disparity, the potential for realizing efficiency and convenience benefits from centralization is greatly reduced. This is particularly true since the Pennsylvania action is brought on an individual basis, and thus poses no risk of inconsistent pretrial rulings with respect to class certification.

We are convinced that alternatives to transfer—in particular, voluntary cooperation and coordination among the parties and the involved courts—are both feasible and preferable to centralization in this instance. Plaintiffs in the Pennsylvania action represented in their papers and at oral argument that they do not intend to duplicate the common discovery already completed in New York. The geographical proximity of the two actions also will facilitate coordination, as will the presence of common defense counsel in both actions. We encourage the parties to employ such alternatives to transfer, which will minimize any potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer        Lewis A. Kaplan
R. David Proctor        Catherine D. Perry

IN RE: PETROBRAS SECURITIES LITIGATION          MDL No. 2728

## SCHEDULE A

<u>Southern District of New York</u>

PACIFIC FUNDS, ET AL. v. PETROLEO BRASILEIRO S.A., ET AL.,
C.A. No. 1:16−02013
ALTAMIMI v. PETROLEO BRASILEIRO S.A.−PETROBRAS, ET AL.,
C.A. No. 1:16−02686

<u>Eastern District of Pennsylvania</u>

VANGUARD INTERNATIONAL EQUITY INDEX FUND, ET AL. v. PETROLEO BRASILEIRO S.A.−PETROBRAS, ET AL., C.A. No. 2:15−06283